IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WADE DEVENEY,

    Petitioner,

v.                                       CASE NO. 1:20-cv-23-AW-GRJ

DIXIE COUNTY 3rd JUDICIAL
CIRCUIT COURT, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDAITON

Petitioner initiated this case by filing a handwritten pleading construed as a petition for a writ of habeas corpus, ECF No. 1. According to the Petition, at the time it was prepared on January 17, 2020, Petitioner was an inmate in the Dixie County Jail pending an assault charge. Petitioner claims that he has not been given a probable cause hearing nor has he been assigned a public defender. Petitioner also alleges that he has been denied medical care by the Dixie County Jail and his eyeglasses were wrongfully confiscated. For relief, Petitioner seeks release from jail, medical treatment, and the return of his glasses. ECF No. 1.

The Petition suffers from several defects.  First, Petitioner failed to use this Court's habeas corpus form for *pro se* inmates.  Under Local Rule 5.7(A), a *pro se* party must file a petition for writ of habeas corpus on the Court-approved form. N.D. Fla. Loc. R. 5.7(A).  "The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." *Id.*

Further, Petitioner failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed *in forma pauperis.*  Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."

For the following reasons, the Court will not require Petitioner to correct these deficiencies because the Petition is due to be dismissed.  The Court may take judicial notice of the criminal proceedings underlying the Petition.  Court records reflect that Petitioner was charged with aggravated battery with a deadly weapon, but the State Attorney determined that the evidence was insufficient to file an information and the case was dismissed on January 16, 2020.  *See State v. Wade Charles Deveney,* Case No. DI-

2019-444-CF-A (Notice of No Information Filed) (Jan. 16, 2020). The notice of "No Information Filed" authorized the Dixie County Sheriff to release Petitioner from custody. *Id.* A review of the Dixie County Jail inmate records reflects that Petitioner was released from the jail on January 17, 2020. Petitioner has provided the Court with no current address other than the Dixie County Jail.

Because Petitioner was released before his Petition was filed, he is no longer "in custody" for purposes of seeking federal habeas relief. Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

To the extent that Petitioner seeks to make claims for denial of medical care pursuant to 42 U.S.C. § 1983, his allegations reflect that he is seeking only injunctive relief in the form of medical treatment and the return of his glasses. *See* ECF No. 1. Since Plaintiff is no longer confined in the

Dixie County Jail, any claim for injunctive relief in connection with his medical care at the jail is moot.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for lack of subject matter jurisdiction and as moot.

**IN CHAMBERS** in Gainesville, Florida, on the 28th day of January 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.